**C. F. HAYNES and L. B. Richardson**

v.

**EXXON COMPANY, U.S.A. (A division of Exxon Corporation).**

**Civ. No. 3-80-484.**

United States District Court, E. D. Tennessee, N. D.

Jan. 23, 1981.

McAfee Lee, Knoxville, Tenn., for plaintiff.

Richard Hollow, Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Exxon Corporation has moved for a partial summary judgment for immediate possession of the premises (filling station) described in the complaint. At the last hearing, the Court observed that it hesitated to

put plaintiffs out of the property and urged counsel for Exxon to try to prevail on his client to permit the plaintiffs to stay in possession of the property. Counsel stated that he would make an effort to comply with the desire of the Court, but indicated that he had little hope of being successful. He was to notify the Court of the result of his efforts. On December 23, 1980, the Court received a letter from counsel for Exxon stating that "[i]n view of the significance to Exxon's trademark protection policies of the plaintiffs' acknowledged course of conduct in selling misbranded gasoline, Exxon is unable to acquiesce in a continuation of the franchise relationship..." Consequently, the case is again before the Court.

It is undisputed that plaintiffs sold non-Exxon motor fuel under the Exxon brand name and trademark, as a result of which Exxon notified plaintiffs that their lease and sales agreement were terminated effective November 1, 1980. On October 28, 1980, plaintiffs initiated the present action, seeking to enjoin Exxon from terminating plaintiffs' lease and sales agreement. On the same date, the Court issued an order restraining termination pending the Court's consideration of plaintiffs' motion for preliminary injunctive relief. On December 8, 1980, Exxon amended its answer to plaintiffs' complaint, asserting by counterclaim that since plaintiffs had violated their lease and sales agreement with Exxon, termination of the lease was proper and Exxon was entitled to immediate possession of the filling station premises. By order dated December 22, 1980, the Court denied plaintiffs' motion for preliminary injunctive relief, stating that "plaintiffs had violated their contract with the defendant in that they sold gasoline obtained from third parties in the name of Exxon" and that there were no serious questions going to the merits justifying issuance of a preliminary injunction. The plaintiffs have refused to vacate and have continued to occupy the premises.

Plaintiffs instituted this action under the Petroleum Marketing Practices Act (PMPA), 15 U.S.C. §§ 2801 et seq. Section 2802(b)(2)(C) of the PMPA provides that a ground for termination of a franchise is the occurrence of an event which is relevant to the franchise relationship and a result of which termination of the franchise relationship is reasonable....

Section 2802(c)(10) defines "an event which is relevant to the franchise relationship" as including

willful adulteration, mislabeling or misbranding of motor fuels or other trademark violations by the franchisee.

Since it is undisputed that plaintiffs mislabeled and misbranded motor fuels, the only question for this Court's determination is whether or not these acts were "willful." In *Gilderhus v. Amoco Oil Co.*, 470 F.Supp. 1302 (D.Minn., 1978), Judge Devitt held that "willful" as used in § 2802(c)(10) means "a conscious, intentional, deliberate and voluntary act," and that the provision does not require "proof of bad motive, nor does evidence of good faith negate the willfulness of an act covered by said provision." We concur in this interpretation.

Plaintiffs have argued that they were unaware that their purchases and sales of non-Exxon fuel violated their sales agreement and lease, and that Exxon failed to provide guidelines whereby plaintiffs could sell non-Exxon fuels. Testimony on these issues was adduced at the hearing on the preliminary injunction. However, because of our construction of the PMPA, we do not find it necessary to make a factual determination on these issues. It is immaterial that plaintiffs have acted in good faith or that Exxon may not have timely furnished de-identification guidelines. Plaintiffs' purchases and sales of non-Exxon fuels provide Exxon with a lawful ground for terminating the parties' relationship.

Although the Court is and has been in sympathy with the plaintiffs, it has done all it reasonably could to try to persuade defendant to allow plaintiffs to continue possession of the premises. In the opinion of the Court, Exxon is entitled to partial summary judgment entitling it to possession of the service station premises and it is so ORDERED. Plaintiffs will be allowed at

least twenty (20) days from today's date, January 23, 1981, to vacate the premises.

Order accordingly.